LINK:  70

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666 GAF (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Reginald Smith v. County of Los Angeles, et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**      **(In Chambers)**

## ORDER RE: MOTION FOR RECONSIDERATION

Defendants move for reconsideration of Magistrate Judge Walsh's "Order Granting In Part Plaintiff's Motion To Compel Further Production, and Issuance of Protective Order." For the reasons discussed below, the motion is **DENIED.** The Court concludes that the information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence.

**I.
BACKGROUND**

**A.  THE LAWSUIT**

In this civil rights lawsuit, Plaintiff seeks to represent a class of persons who were deprived of their constitutional rights as a result of being wrongly identified as a person named in an arrest warrant. Essentially the case asserts that the County's warrants do not contain sufficiently specific identifying information to assure that law enforcement officers will execute the arrest warrants only for the correct subject. Plaintiff Reginald Lenard Smith has himself been arrested twice – once in 2007 and again in 2011 – on a warrant for Reginald Lamar Smith, whose name, age, race and physical description are similar to Plaintiff's. Plaintiff contends that the use of biometric identifiers would prevent these repeated violations of his constitutional rights. Furthermore, he contends that accurate identification through biometric identifiers could be easily achieved, but that the County has ignored the problem and refused to include these identifiers on its warrants despite numerous "wrong defendant" arrests over the past several years.

LINK: 70

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666 GAF (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Reginald Smith v. County of Los Angeles, et al | | |

Plaintiff's original complaint stated claims under the Fourth and Fourteenth Amendments. However, the Court granted Defendants' motion to dismiss the Fourth Amendment claims based on existing Fourth Amendment jurisprudence regarding the degree of specificity required in an arrest warrant. The Court permitted Plaintiff to pursue a Fourteenth Amendment deprivation of liberty claim based on his inability to obtain a passport because he continues to be the mistaken subject of a warrant meant for someone else. The Court also permitted him to amend the complaint regarding his alleged overdetention on the basis of the warrant following his 2011 arrest.

Smith's complaint against the County is based on its alleged custom, practice or policy of neglecting to include unique biometric identifiers on warrants issued within Los Angeles County. Essentially he complains that his injury was caused by this custom, policy and practice, and he seeks to represent a class of persons who have suffered damages that have resulted from being wrongly detained on warrants for other persons. According to Plaintiff, the custom/policy/practice is a manifestation of the County's deliberate indifference to the repeated constitutional violations that result from its defective warrants. To prove deliberate indifference, Plaintiff seeks information regarding the County's handling of several thousand wrong-defendant arrests and detentions over the past several years.

**B. PLAINTIFF'S DISCOVERY REQUEST AND MOTION TO COMPEL**

This motion focuses primarily on Magistrate Judge Walsh's discovery order with respect to Plaintiff's Request for Production No. 17. That request sought:

> AJIS DATA LIMITED for each prisoner whose release code was WDEF and who was released at any time from January 1, 1997 through February 29, 2012. . . . The data should be produced as a Microsoft Access file on either a DVD or CD-ROM.

(Docket No. 70 [Mem. for Reconsid. ("Mem.")] at Ex. B [Plaintiff's Request for Production ("RFP")] 46.) The production request defines "AJIS data limited" as "the electronically-stored information of prisoner's name (first and last), booking number, last known residential address, last known telephone number, last known business address, incarceration date, release date, LA main number, CII number." (RFP at 44.)

Defendants objected to the request, but provided some of the requested information pursuant to protective order. Without identifying the name or contact information of such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666 GAF (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Reginald Smith v. County of Los Angeles, et al | | |

prisoners, Defendants produced, "AJIS data, defined as booking number, arrest date, release date, CII number, and LA Main number, of each detainee of the Los Angeles County jail released with a "WDEF" release reason from January 1, 2004 through December 31, 2011." (Mem. at Ex. F [Defendants' Second Supplemental Responses to Plaintiff's RFP ("Supp. Resp.")] at 81.)  While this information was of some use, Plaintiff claimed that he needed identifying information and moved to compel further responses.  (Docket No. 21 [Joint Stip. To Compel Discovery Responses].)  Magistrate Judge Walsh conducted a hearing on the motion.  (See Mem. at Ex. J [9/7/12 Hearing Transcript] at 237 et seq.)  Defendants asserted that the information they provided was sufficient for Plaintiff's purposes, but Plaintiff emphasized the need to obtain contact information to establish his theory of the case:

> It is no secret what Plaintiff will be arguing in opposition to a summary judgment motion, which is that the county is deliberately indifferent to the plight of people arrested on other people's warrants.  And that indifference is shown by the fact that people complain repeatedly to county personnel that I am not the person on this warrant.  And county personnel shine them on, ignore the complaint, do nothing in response to it.
> 	And the County's response to that argument is, number one, we've got a stated policy that requires us to vigorously investigate whenever these complaints are made.
> 	And number two, the people you come in with, well, that's only a handful of people, and we're a really big jail and we have lots of people.  So, you can't realistically expect us to investigate every single complaint in the numbers you present of people who come in and say, I complained and I was ignored.  Those numbers are too small to make any difference.

(9/7/12 Hearing Transcript at 268.)  Judge Walsh granted the motion in part, in an order entered on November 6, 2014.  (Docket No. 67 [11/6/14 Order].)  Subject to a protective order, Judge Walsh ordered with respect to Request No. 17:

> "[T]he County is ordered to produc[e] the AJIS data limited (as defined in the production request) for prisoners with a WDEF release code, from January 1, 2007, through December 31, 2011."

(Mem. at Ex. K [11/6/14 Discovery Order] at 2.)  This order requires Defendants to provide data for all persons during the time period who were ultimately released from County custody on the basis that they were not the person named in the warrant on which they were arrested.  By using

LINK: 70

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666 GAF (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Reginald Smith v. County of Los Angeles, et al | | |

the phrase "AJIS data limited," Judge Walsh included in his order information that identified the names and contact information for those persons.

### C. DEFENDANTS' MOTION FOR RECONSIDERATION

Judge Walsh ordered the production of the information based on Plaintiff's representation that the information would be used to contact the detainees, interview them and determine whether: (1) they were arrested on a warrant for someone else; (2) whether they complained that they were the wrong person to LASD personnel; (3) whether LASD personnel ignored their complaints; and (4) whether they were arrested again on that same warrant. Defendants complain that such statements constitute a misrepresentation to the court regarding the nature of this case because this case does not involve a claim that the county ignores complaints by persons who assert that they are not the subject of the warrant on which they were arrested. Likewise, according to Defendants, Smith has not made a claim that he was improperly detained by LASD personnel. Defendants also assert that the information sought violates rights of privacy, which they identify as a separate ground for reversing the Magistrate Judge's order.

These arguments merit only brief discussion.

## II.
## DISCUSSION

### A. LEGAL STANDARD

Reconsideration of a magistrate's order is governed by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Section 636(b)(1)(A) provides in part that "[a] judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Fed. R. Civ. P. 72(a) echoes § 636. Rule 72(a) provides that, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

For issues of fact determined by the Magistrate Judge, the District Court review must limit itself to conclusions that are "clearly erroneous." For a magistrate's decision to be "clearly erroneous," the District Court must have a "definite and firm conviction that a mistake has been committed." Sana v. Hawaiian Cruises, Ltd., 961 F.Supp. 236, 238 (D.Hawaii 1997) (citing Burdick v. Commissioner, 979 F.2d 1369, 1370 (9th Cir.1992)). A decision is "contrary to law"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666 GAF (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Reginald Smith v. County of Los Angeles, et al | | |

if it applies an incorrect legal standard or fails to consider an element of the applicable standard. See Hunt v. Nat'l Broad. Co., 872 F.2d 289, 292 (9th Cir. 1989) (such failures constitute an ""abuse of discretion").

### B. APPLICATION

#### 1. THE MAGISTRATE JUDGE WAS NOT DECEIVED

With respect to the assertion that the Magistrate Judge based his ruling on erroneous facts resulting from Plaintiff's alleged misrepresentation regarding the nature of this case, the Court finds no basis for the assertion and no ground for reversal. Plaintiff explained his theory in plain English that anyone with or without a legal education could understand. Defense counsel was present and could easily have argued that Plaintiff's statements were false but did not do so. The current claim that Plaintiff somehow deceived the Magistrate Judge is an after-the-fact construct that has no evidentiary support.

As the discussion above indicates, this case involves allegations that the County has established a custom, policy or practice that has caused hundreds or thousands of erroneous arrests and over-detentions in violation of the Fourteenth Amendment. In these circumstances, the evidence sought would allow Plaintiff to investigate the County's handling of hundreds if not thousands of such instances and could, depending on what the investigation shows, establish a pattern that would support an inference of deliberate indifference. The Magistrate Judge acted properly in ordering the production of the evidence sought in Request No. 17.

#### 2. PRIVACY ISSUES

##### a. FOIA

Defendants cite to cases involving the federal Freedom of Information Act ("FOIA") in support of their contention that "information regarding former inmates" is not a matter of public record. However, FOIA addresses the availability of information located in the files of federal agencies. Here it has no application at all because Plaintiff seeks records from the County of Los Angeles, materials not covered by FOIA. FOIA therefore creates no privacy rights in these circumstances. But even if the Court were to consult FOIA jurisprudence, it would not benefit Defendants.

LINK: 70

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666 GAF (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Reginald Smith v. County of Los Angeles, et al | | |

"[FOIA] [e]xemptions 6 and 7(C) speak of an 'unwarranted' invasion of personal privacy, not any invasion. So, to determine whether a record is properly withheld, we must balance the privacy interest protected by the exemptions against the public interest in government openness that would be served by disclosure." Lahr v. Nat'l Transp. Safety Bd., 569 F.3d 964, 972 (9th Cir. 2009). "Exemption 7(c)'s privacy language is broader than the comparable language in Exemption 6 . . . ." US. Dep't of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749 (1989) (recognizing that Exemption 6 requires the invasion be "clearly unwarranted" and Exemption 7(c) only requires the invasion be "unwarranted;" and "Exemption 6 refers to disclosures that 'would constitute' an invasion of privacy" whereas "Exemption 7(c) encompasses any disclosure that 'could reasonably be expected to constitute' such an invasion") (Hereinafter "Reporters Committee"). "[A]lthough both exemptions require the court to engage in a similar balancing analysis, they 'differ in the magnitude of the public interest that is required to override the respective privacy interests protected by the exemptions.'" Lahr 569 F.3d at 974 (quoting, in part, FLRA, 510 U.S. at 496 n.6). Under either exemption, the relevant public interest in the FOIA balancing analysis is "the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" FLRA, 510 U.S. at 497 (quoting, in part, Reporters Committee, 498 U.S. at 773). A court must "'balance the public interest in disclosure against the interest Congress intended the [e]xemption to protect.'" FLRA, 510 U.S. at 495 (quoting, in part, Reporters Committee, 489 U.S. at 776).

Here, Plaintiff is seeking disclosure of the contact information of persons who were detained on the basis of warrants and who were later released as the "wrong defendant." (Mem. at 2.) Defendants argue that these third parties have privacy rights blocking such disclosure. (Id. at 17.) They also assert that as "former inmates," information about them, "particularly private contact and identifying information, is not a matter of public record." (Id.) They argue that precedent has shown "that arrestees have a privacy interest in dissemination of information pertaining to the arrest." (Id.) However, Defendants' argument overlooks one major distinguishing difference–these persons were incorrectly detained based on a warrant for another person. Thus, while precedent speaks against disclosing arrestees' information that might have a negative impact on one's employment or that might subject them to "embarrassment," "more serious reputational harm," or even potentially compromise investigations or safety of investigators and witnesses, none of these concerns is applicable here. These persons cannot have an "'interest in keeping personal facts away from the public eye'" because the potentially damaging information giving rise to the warrant and detainment is about another person. See Lahr 569 F.3d at 974 (quoting, in part, Reporters Committee, 489 U.S. at 763.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666 GAF (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Reginald Smith v. County of Los Angeles, et al | | |

Thus, on balance, the interest in disclosure far outweighs the interest in preventing disclosure of relevant information. Here, both the public and the individuals' interests weigh in favor of disclosure. Plaintiff is seeking disclosure of third party contact information to show that the Defendant government agencies have acted with deliberate indifference in depriving persons of their Fourteenth Amendment liberty interests. The spirit of both exemptions runs to protect third parties from unwarranted or reasonably conceivably unwarranted invasions of privacy. Courts have protected third party contact information when it is sought for solicitation, whether or not for commercial gain. See e.g., Minnis, 737 F. 2d at 787-88 (third party permit applicants' names and addresses exempt from disclosure under FOIA because lodge owner's commercial interest in advertising his lodge did not outweigh third parties' privacy interest); FLRA, 510 U.S. at 1015-016 (because under FOIA commercial advertisers and labor unions must have equal access to employee address list for solicitation, disclosure of such information to labor union was not warranted). But this is not such a case. Indeed, Plaintiff is seeking to vindicate the Fourteenth Amendment rights of the persons whose information is being sought. In these circumstances, the interests of disclosure prevail.

### b. California Law

The California Constitution guarantees its citizens the inalienable right to privacy. Cal. Const. Art. 1, § 1. However, this protection is not absolute; it only "protects the individual's *reasonable* expectation of privacy against a *serious* invasion.'" Puerto v. Superior Court, 158 Cal. App. 4th 1242, 1250 (2008) (quoting, in part, Pioneer Elecs. (USA) v. Superior Court, 40 Cal. 4th 360, 370 (2007)) (emphasis in original); Cnty of Los Angeles v. Los Angeles Cnty Employee Relations Com., 56 Cal. 4th 905, 926 (2014) ("An actionable claim [for invasion of privacy] requires three essential elements: (1) the claimant must possess a legally protected privacy interest . . . ; (2) the claimant's expectation of privacy must be objectively reasonable . . . ; and (3) the invasion of privacy complained of must be serious in both its nature and scope.") (quoting, in part Hill v. Nat'l Collegiate Athletic Ass'n, 7 Cal. 4th 1, 35, 37-38 (internal citations omitted) (hereinafter "Hill"). "In general, the court should not proceed to balancing unless a satisfactory threshold showing is made. A defendant is entitled to prevail if it negates any of the three required elements." Cnty of Los Angeles at 926 (relying on Hill, 7 Cal. 4th at 40). "An otherwise actionable invasion of privacy may be legally justified if it substantively furthers one or more legitimate competing interests. [citation] Conversely, the invasion may be unjustified if the claimant can point to 'feasible and effective alternatives' with 'a lesser impact on privacy interest.'" Id. (relying on Hill, 7 Cal. 4th at 40).

LINK: 70

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666 GAF (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Reginald Smith v. County of Los Angeles, et al | | |

      California courts have found that persons "have a legally protected privacy interest in their home addresses and telephone numbers." Id. at 927; see also, Hill v.Colorado,530 U.S. 703, 716 (2000) ("privacy interest in avoiding unwanted communication" is stronger "'in the confines of one's own home'" rather than public setting) (quoting, in part Cohen v. California, 403 U.S. 15, 21 (1971)).  Additionally, courts "have repeatedly recognized that release of arrest records or dissemination of information about arrests implicated the right to privacy of the arrestees." Denari v. Superior Court, 215 Cal. App. 3d 1488, 1498 (Cal. Ct. App. 1989); see also, Loder v. Municipal Court, 17 Cal. 3d 859, 865 (1976) (discussing use of arrest record and noting that "while the suspect or offender obviously does not consent to public exposure, his right to privacy must give way to the overriding social interest" of "prompt and accurate public reporting of the facts and circumstances of his arrest.").  While the privacy barrier in the discovery context is significant, it is not insurmountable.  Puerto v. Superior Court, 158 Cal. App. 4th 1242, 1250 (2008).  For example, California courts permit disclosure of contact information of percipient witnesses, despite such disclosure being an invasion of privacy, especially where witnesses' identities are already disclosed and solely contact information is sought.  See, Puerto, 158 Cal. App. 4th 1242, (disclosure of supermarket worker contact information permitted where: (1) the workers' identities were already known, but their contact information was not; (2) the workers are known to be witnesses; and (3) the "privacy intrusion involved in disclosing the addresses of already-identified employees of a supermarket is far less significant than the intrusion and potential embarrassment resulting from the release of the identities, addresses, and telephone numbers of people who were arrested and booked into a county jail.").

      Under California law, disclosure of "wrong defendant" detainees' contact information is warranted here, despite some intrusion on third parties' privacy.  First, here information regarding the "wrong defendant" detainees has already been disclosed to Plaintiff. (See 11/6/14 Discovery Order (ordering production of AJIS data for all persons with "wrong defendant" release code).)  Now Plaintiff seeks the information necessary to contact them as part of the investigation of the claim.  That is a logical next step because each of the individuals whose contact information sought is necessarily a witness to a detention incorrectly made based on a warrant for another person.  Moreover, the embarrassment associated with an arrest and prosecution is not present in this case precisely because the persons whose contact information is sought were wrongfully detained on the basis of warrants for another.  One can readily posit that these persons would welcome an inquiry that might allow them to vindicate their constitutional rights in this putative class action.  Accordingly, on balance, California privacy interests must give way in these circumstances to permit an inquiry into the possible widespread violation of Fourteenth Amendment rights.

**LINK: 70**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666 GAF (PJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Reginald Smith v. County of Los Angeles, et al | | |

Additionally, Defendants' concerns regarding the District Attorney's Office personnel's potential conflicting responsibilities are unfounded. No Party is insisting the "wrong defendants'" contact information be broadcast publicly or made a part of the public docket in this case. Instead, the Court is requiring such information be shared solely with Plaintiff during discovery so that witnesses to the alleged incorrect detentions based on warrants meant for others can be interviewed and evidence gathered. To address these concerns, Magistrate Judge Walsh ordered production of "wrong defendant" contact information subject to a protective order. (See 11/6/14 Discovery Order at 2.)

### III.
### CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration of Magistrate Judge Walsh's "Order Granting In Part Plaintiff's Motion To Compel Further Production, and Issuance of Protective Order" is **DENIED.** The hearing scheduled for December 22, 2014 is **VACATED.**

**IT IS SO ORDERED.**