MICHAEL D. ALLEN, State Bar No. 198126
mallen@lbaclaw.com
SCOTT E. CARON, State Bar No. 227871
scaron@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Los Angeles County Sheriff's Department

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD LENARD SMITH, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, et al,<br><br>          Defendants. | Case No. CV 11-10666 DDP (PJWx)<br><br>Hon. Dean D. Pregerson<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Request for Judicial Notice and Motion to Strike filed concurrently*]<br><br>Date: March 9, 2015<br>Time: 10:00 a.m.<br>Courtroom 3<br><br>Discovery Cutoff: March 30, 2015<br>Pretrial Conf.: June 1, 2015<br>Trial Date: June 9, 2015 |

TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND TO

THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 9, 2015, at 10:00 a.m., or as soon thereafter as Defendants may be heard, in Courtroom 3 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT will move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Fourth, Fifth, and Sixth Causes of Action asserted in Plaintiff's Third Amended Complaint, with prejudice, on grounds that they fail to state facts sufficient to constitute a cause of action.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, Request for Judicial notice and exhibits, and the pleadings on file herein, and upon such further matters as may be presented at or before the hearing of this Motion.

This Motion is made following counsel for Defendants' unsuccessful attempt to informally resolve these issues in good faith pursuant to Local Rule 7-3.

Dated:  February 6, 2015            LAWRENCE BEACH ALLEN & CHOI, PC


By  _____/s/ Scott E. Caron_____
        Scott E. Caron
Attorneys for Defendants
County of Los Angeles and Los Angeles County
Sheriff's Department

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.      INTRODUCTION .................................................................................. 1

II.     PLAINTIFF'S FOURTH CAUSE OF ACTION IS BARRED BY THE DOCTRINES OF COLLATERAL ESTOPPEL AND RES JUDICATA ........ 3

III.    PLAINTIFF'S FIFTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION BECAUSE PLAINTIFF HAS WAIVED ANY CLAIM TO PRIVACY WITH RESPECT TO HIS CRIMINAL HISTORY INFORMATION ........... 8

        A.      Plaintiff's Fifth Cause of Action Fails to State Facts Sufficient to Support a Claim for Violation of Privacy Rights Under the Fourteenth Amendment........................................................................ 9

        B.      Plaintiff Has Waived Any Privacy Interest in His Criminal History by Placing His Criminal History at Issue in this Litigation .................................................................................... 11

IV.     PLAINTIFF'S SIXTH CAUSE OF ACTION IS BARRED BY THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL AND BY STATUTORY IMMUNITIES, AND BECAUSE CAL. CONST. ART. I, § 13 IS NOT SELF-EXECUTING ..................................... 13

        A.      Plaintiff's Sixth Cause of Action is Barred by the Doctrines of Res Judicata and Collateral Estoppel ...................................................... 13

        B.      Article I, § 13 of the California Constitution Does Not Give Rise to a Stand-Alone Claim for Damages .................................................. 14

V.      CONCLUSION ..................................................................................... 15

i

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

4 Federal Cases

5 *Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................9
6

7 *Barry v. Fowler*,
902 F.2d 770 (9th Cir. 1990) .....................................................................5

8 *Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (1955) ...................................................................................9
9

10 *Gonzales v. Spencer*,
336 F.3d 832 (9th Cir. 2003) ...................................................................12

11 *Hernandez v. Sheahan*,
455 F.3d 772 (7th Cir. 2006) .....................................................................5
12

13 *Lepre v. Tolerico*,
156 Fed.Appx. 522 (3d Cir. 2005) .............................................................5

14 *Minniecheske v. Vocke*,
918 F.2d 180 (7th Cir. 1990) .....................................................................6
15

16 *Moore v. McDonald*,
30 F.3d 616 (5th Cir. 1994) .......................................................................7

17 *Owens v. Kaiser Foundation Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) .....................................................................4
18

19 *Patterson v. Von Riesen*,
999 F.2d 1235 (8th Cir. 1993) ...................................................................6

20 *Rendon v. Fresno Police Dept.*,
2006 WL 2694678 (E.D. Cal. 2006) ........................................................15
21

22 *Roland v. Phillips*,
19 F.3d 552 (11th Cir. 1994) .....................................................................5

23 *Scott v. United States*,
436 U.S. 128 (1978) ...................................................................................7
24

25 *Singer v. Wadman*,
595 F.Supp. 188 (D. Utah 1982) ...............................................................6

26 *United States v. Clayton*,
210 F.3d 841 (8th Cir. 2000) .....................................................................7
27

28 *Waits v. McGowan*,
516 F.2d 203 (3d Cir. 1975) ......................................................................5

ii

*Western Radio Servs. Co. v. Glickman*,
  123 F.3d 1189 (9th Cir. 1997)................................................................4, 5

*Whren v. U.S.*,
  517 U.S. 806 (1996) .......................................................................................7

*Wigfall v. City and County of San Francisco*,
  2007 WL 174434  (N.D. Cal. 2007)............................................................15

*Zamora v. City of Belen*,
  383 F.Supp.2d 1315 (D. N.M. 2005)............................................................6

State Cases

*Bonner v. City of Santa Ana*,
  45 Cal.App.4th 1465 (1996) .......................................................................14

*Carlsbad Aquafarm, Inc. v. State Dept. of Health Services*,
  83 Cal.App.4th 809 (2000).........................................................................14

*Castillo v. City of Los Angeles*,
  92 Cal. App. 4th 477 (2001) ........................................................................3

*Clausing v. San Francisco Unified School District*,
  221 Cal.App.3d 1224 (1991) ......................................................................14

*Degrassi v. Cook*,
  29 Cal.4th 333 (2002)..................................................................................14

*Gates v. Superior Court*,
  32 Cal.App.4th 481 (1995) .........................................................................14

*Griset v. Fair Political Practices Com.*,
  25 Cal. 4th 688, 107 Cal. Rptr. 2d 149 (2001) ........................................3, 4

*Katzberg v. Regents of the Univ. of Cal.*,
  29 Cal.4th 300 (2002)..................................................................................14

*Leger v. Stockton Unified School District*,
  202 Cal.App.3d 1448 (1988) ......................................................................14

*Lucido v. Superior Court*,
  51 Cal. 3d 335, 272 Cal. Rptr. 767 (1990) ..................................................3

*Mata v. City of Los Angeles*,
  20 Cal. App. 4th 141 (1993) ........................................................................3

Federal Statutes

42 U.S.C. § 1983...................................................................................2, 5, 6

State Statutes

Article I, § 13 of the California Constitution ...............................................i, 13, 14, 15

Article I, §§ 2 and 7 of the California Constitution....................................................14

Article I, Section 28 of California Constitution .......................................................14

Article I, Section 7 of California Constitution .........................................................14

Article I, Sections 1 and 28 of California Constitution .............................................14

Cal. Penal Code § 11105(a)(2)(A)....................................................................2, 10

Cal. Penal Code § 11105(b)..........................................................................2, 9, 12

California Penal Code § 11105.................................................................2, 9, 10, 12

California Welfare & Institutions Code § 827(a)(1)(M) ...........................................12

Federal Rules

Rule 12(b)(6) of the Federal Rules of Civil Procedure .............................................2

Rule 8(a)(2) of the Federal Rules of Civil Procedure.........................................9, 10

Other Authorities

CAL. CONST. ART. I, § 13.....................................................................13, 15

Restatement (Second) Judgments) § 13 (2008)........................................................3

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiff claims he was arrested in Antioch, Tennessee in July 2007 on Los Angeles Superior Court warrant no. NVMA00209001, extradited to California, and detained by Defendant Los Angeles County Sheriff's Department ("LASD") before being released as not having been the subject of that warrant. (Request for Judicial Notice ("RJN"), Exhibit A, ¶ 52.) Plaintiff claims the warrant does not identify its true subject by his CII, FBI, or LA Main number, and claims that the warrant incorrectly states the warrant subject's name and date of birth. (RJN, Exhibit A, ¶¶ 46, 53, 57.) Plaintiff describes CII, FBI, and LA Main numbers as "unique numeric identifiers" tied to a person's fingerprints, and explains that these numbers are proxies for a person's fingerprints. (RJN, Exhibit A, ¶ 12.) Plaintiff further claims that following his release in 2007, County of Los Angeles authorities did not update the warrant in the Countywide Warrant System ("CWS") with exonerating information indicating he is not the subject of the warrant. (RJN, Exhibit A, ¶ 53.)

Plaintiff claims he was arrested again by the Los Angeles Police Department ("LAPD") on warrant no. NVMA00209001 in January 2011, and has been denied a United States passport because of the warrant. (RJN, Exhibit A, ¶ 61.) He contends he would not have been arrested again, and would not have been denied a passport, if the warrant had been updated following his release in 2007 with information indicating he is not the warrant subject, or if the warrant included the CII, FBI, and LA Main numbers of the true warrant subject. *Id*. He contends he would not have been arrested in either 2007 or 2011 had the warrant included the correct name of the warrant subject, and/or the correct date of birth, been included on the warrant. (RJN, Exhibit A, ¶ 65.) Plaintiff admits that the District Court previously dismissed his claims concerning his 2007 detention on grounds that the detention did not violate his constitutional rights. (RJN, Exhibit A, ¶¶ 83-91.)

Plaintiff also claims that his criminal history has been accessed by Los Angeles County Sheriff's personnel "without lawful justification." (RJN, Exhibit A, ¶¶ 92-96.) He claims this was done "pursuant to a conspiracy" between the County and its retained counsel in this litigation, for the purpose of securing a litigation advantage. (RJN, Exhibit A,, ¶ 95.) The Third Amended Complaint does not specify how or why the accessing of Plaintiff's criminal history was unlawful – indeed, the statute Plaintiff cites in support of this claim (California Penal Code § 11105) permits law enforcement personnel to access criminal history for any reason if needed in the course of their duties." Cal. Penal Code § 11105(b). The Third Amended Complaint also does not allege what type of criminal history information was accessed. (RJN, Exhibit A, ¶¶ 92-96.) Penal Code § 11105 applies only to "state summary criminal history information," which the statute defines as "the master record of information compiled by the Attorney General pertaining to the identification and criminal history of any person." Cal. Penal Code § 11105(a)(2)(A).

Plaintiff has brought suit against the County of Los Angeles and Los Angeles County Sheriff's Department, seeking damages and injunctive relief under 42 U.S.C. § 1983 for violation of Fourth and Fourteenth Amendment rights arising out of both his 2007 and 2011 detentions, the alleged denial of his passport, and the alleged accessing of his criminal history information. Plaintiff also seeks injunctive relief, and brings suit for false imprisonment under state law (despite the fact that the District Court previously dismissed, with prejudice, a state law false imprisonment claim brought by Plaintiff in another case concerning his 2007 detention). Defendants now move to dismiss Plaintiff's Fourth, Fifth, and Sixth Causes of Action on grounds that they fail to state facts sufficient to constitute a cause of action. Moreover, the Fourth and Sixth Causes of Action are barred by res judicata and collateral estoppel.

## II.   <u>PLAINTIFF'S FOURTH CAUSE OF ACTION IS BARRED BY THE DOCTRINES OF COLLATERAL ESTOPPEL AND RES JUDICATA.</u>

The doctrine of collateral estoppel prevents "relitigation of issues argued and decided in prior proceedings." *Castillo v. City of Los Angeles*, 92 Cal. App. 4th 477 (2001) (citing *Lucido v. Superior Court*, 51 Cal. 3d 335, 341, 272 Cal. Rptr. 767 (1990)).   A judgment or ruling in a prior civil proceeding "operates as an estoppel or conclusive adjudication to such issues in the second action as were actually litigated and determined in the first action." *Mata v. City of Los Angeles*, 20 Cal. App. 4th 141, 149 (1993).  The threshold requirements a party must prove in order to prevail under the doctrine of issue preclusion include:  (1) the issue is identical to that decided in the former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; and (4) preclusion is sought against a party to the former proceeding.  *Lucido*, 51 Cal. 3d at 343.  "An issue is actually litigated '[w]hen [it] is *properly* raised, by the pleadings or otherwise, and is submitted for determination, and is *determined*." *Castillo*, 92 Cal. App. 4th at 482 (emphasis in original).   An issue is necessarily decided when the issue was not "entirely unnecessary to the judgment in the prior proceeding." *Id.*

The last element of collateral estoppel is satisfied if the decision in the former proceeding is final and on the merits. *Castillo*, 92 Cal. App. 4th at 482-83. "To determine whether an adjudication is final . . . it is not the form of the decree but the substance and effect of the adjudication that is determinative." *Griset v. Fair Political Practices Com.*, 25 Cal. 4th 688, 698, 107 Cal. Rptr. 2d 149 (2001). For purposes of issue preclusion, a final determination includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Restatement (Second) Judgments) § 13 (2008) (emphasis added).  Finally, a decision is on the merits if it follows a "full hearing in which the substance of the claim was tried and determined." *Castillo*, 92 Cal.

3

App. 4th at 483.  As the California Supreme Court noted in *Griset v. Fair Political Practices Com'n*, 25 Cal. 4th 688 (2001):

> "As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that *where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final*, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory."

*Id*. at 698 (emphasis added).

Similarly, the doctrine of res judicata precludes assertion of claims in a subsequent action which were raised or could have been raised in a prior action. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). "The doctrine is applicable whenever there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" *Id.* (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).

Mr. Smith's Fourth Cause of Action seeks damages for his detention in the Los Angeles County jail in August 2007 on warrant no. NVMA00209001.  (RJN, Exhibit A, ¶¶ 77-82.)  Mr. Smith, however, previously filed suit against the County in connection with his August 2007 arrest and detention in the County jail, and that claim was adjudicated in the County's favor with a finding that his detention did not violate his Fourth or Fourteenth Amendment rights.  (RJN, Exhibits B, C, and D.)  Mr. Smith was a named plaintiff in *Gant v. County of Los Angeles*, U.S.D.C. Case No. 08-5756 GAF (PW), and brought Fourth and Fourteenth Amendment claims arising from his arrest and detention in August 2007, claiming Defendants did not include sufficient descriptors on the warrant and that Defendants did not properly respond to his complaints that he was not the subject of the warrant.  (*Id.*)  The District Court held that the warrant satisfied the particularity requirement of the Fourth Amendment.  (RJN, Exhibit B at 15:25-17:13.)

4

Importantly, the District Court also held that his 2007 detention did not violate his constitutional rights because, the entire time Plaintiff was in custody, there was lawful authority on which to detain him.  (RJN, Exhibit C.)  At the time Plaintiff was arrested on warrant no. NVMA00209001, there was an outstanding warrant for his arrest in another case (which indisputably was his warrant) – warrant no. LAA92R0896601.   (RJN, Exhibit C, pg. 1-2.)   Plaintiff was subsequently booked on both warrants, and thereafter detained by the LASD on both warrants.  (*Id.*)  Additionally, after he was booked on the warrants, Plaintiff was brought to court multiple times on both warrants, and was remanded back into LASD custody, thereby providing additional, objective authority upon which to detain him.  (*Id.*)  The District Court therefore held that Plaintiff suffered no violation of his constitutional rights in connection with the warrant in 2007.  (RJN, Exhibit C, pg. 5-7.)  The Ninth Circuit affirmed this ruling.  (RJN, Exhibit D, pg. 5-7.)

In light of the District Court's and Ninth Circuit's rulings that he did not suffer a violation of his constitutional rights in 2007, Plaintiff cannot now bring a cause of action for violation of his Fourth or Fourteenth Amendment rights in connection with his 2007 arrest and detention.  Because there was lawful authority for his 2007 arrest and detention ***independent of warrant no. NVMA00209001***, and because the LASD therefore had every reason and lawful right to detain him in 2007, he cannot bring a § 1983 claim arising from his 2007 arrest/detention.  This is clear from the long-established precedents holding that, where lawful authority exists for a detention, the reason for the detention does not matter.  *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) ("[l]aw enforcement officials executing a facially valid court order are protected" from false imprisonment liability) (emphasis in original); *Barry v. Fowler*, 902 F.2d 770, 773 fn.5 (9th Cir. 1990); *Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006); *Lepre v. Tolerico*, 156 Fed.Appx. 522, 524 (3d Cir. 2005) (citing *Waits v. McGowan*, 516 F.2d 203, 206-

207 (3d Cir. 1975)); *Minniecheske v. Vocke*, 918 F.2d 180 (7th Cir. 1990); *Patterson v. Von Riesen*, 999 F.2d 1235, 1239 (8th Cir. 1993); *Zamora v. City of Belen*, 383 F.Supp.2d 1315, 1326 (D. N.M. 2005); *Singer v. Wadman*, 595 F.Supp. 188, 289 (D. Utah 1982).

Plaintiff would therefore not be able to bring a claim under 42 U.S.C. § 1983 arising from his 2007 detention even if such a claim had not previously been rejected by this Court and the Ninth Circuit. The fact that both the District Court and Ninth Circuit agreed with this analysis, however, and held that Plaintiff could not state a claim under § 1983 pertaining to his 2007 detention, serves as a complete bar to Plaintiff from bringing yet another § 1983 claim arising from the 2007 incident.

It makes no difference that Plaintiff claims to have discovered new information regarding the contents of the warrant since the *Gant* litigation. The contents of warrant no. NVMA00209001 are irrelevant with respect to Plaintiff's 2007 detention because there was lawful authority, independent of warrant no. NVMA00209001, to detain him. In other words, regardless of the contents of warrant no. NVMA00209001, and regardless of whether or not Plaintiff should have been arrested/detained on the warrant (or whether it was reasonable for law enforcement to believe he was the subject of warrant no. NVMA00209001), there was a lawful reason to detain Plaintiff in August 2007 due to the existence of another warrant which Plaintiff does not deny belonged to him.

It also makes no difference which warrant was the initial reason for arresting or detaining him, or whether LASD would have been authorized to cite him and release him had he only been arrested and detained on warrant no. LAA92R0896601 (as Plaintiff alleged in his complaint – RJN, Exhibit A at ¶ 82), and it makes no difference whether LASD personnel relied on warrant no. NVMA00209001 to detain him. The question of the objective reasonableness of a detention is determined without regard for the subjective motivations or intentions

of the officer effecting the seizure. *Whren v. U.S.*, 517 U.S. 806, 813 (1996). *See also Scott v. United States*, 436 U.S. 128, 138 (1978) ("the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action"); *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994) ("**Where police officers are objectively doing what they are legally authorized to do the results of their investigations are not to be called in question on the basis of any subjective intent with which they acted.**"); *United States v. Clayton*, 210 F.3d 841, 844 (8th Cir. 2000) (same). The question is not whether LASD would have cited and released him had he only been arrested on warrant LAA92R0896601in 2007; the question is whether warrant no. LAA92R0896601 provided lawful authority to detain him, which it unquestionably did.

Additionally, it is clear that Plaintiff could have discovered this allegedly "new" information during the course of the *Gant* litigation. Although Plaintiff's Fourth Amendment particularity claim was dismissed at the pleading stage on July 22, 2009, Plaintiff's Fourteenth Amendment wrongful detention claim, pertaining to his detention in the jail on the warrant in August 2007, was not dismissed until more than seven months later, on February 25, 2010. (RJN, Exhibit C.) In other words, Plaintiff still had active claims in the *Gant* litigation for more than half a year after his Fourth Amendment particularity claim was dismissed, and those active claims pertained to his detention on warrant no. NVMA00209001. Plaintiff therefore had every opportunity to conduct discovery in *Gant* concerning the reasonableness of the LASD's decision to detain him on the warrant in August 2007 – an issue which encompasses the question of the accuracy of the warrant descriptors. Plaintiff therefore could (and should) have conducted discovery on this issue during the *Gant* litigation, and could (and should) have discovered the

information he now claims is "new" information.[1]  Plaintiff should not be rewarded for his failure to conduct discovery in the *Gant* case by being given a second bite at the apple on claims that have already been adjudicated.  For these reasons, the doctrine of equitable tolling, which is asserted in the Third Amended Complaint as a justification for bringing the Fourth Cause of Action, does not apply.

Plaintiff's Fourth Cause of Action should be dismissed with prejudice, due to the fact that this Court and the Ninth Circuit have already determined that Plaintiff's 2007 detention did not violate his constitutional rights because lawful authority existed to arrest and detain him in 2007.

## III.  PLAINTIFF'S FIFTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION BECAUSE PLAINTIFF HAS WAIVED ANY CLAIM TO PRIVACY WITH RESPECT TO HIS CRIMINAL HISTORY INFORMATION.

Plaintiff's Fifth Cause of Action alleges that his privacy rights have been infringed because certain unnamed County personnel allegedly accessed his criminal history information "without lawful justification."  This cause of action is barred because it exceeds the scope of the leave the Court granted Plaintiff to amend his complaint, a point addressed in greater detail in Defendants' Motion to Strike (filed concurrently with this motion).  Plaintiff's claim also fails to state a cause of action for two reasons: (1) the complaint fails to allege facts which would give rise to a cause of action for violation of his privacy rights; and (2) Plaintiff has waived any right to privacy with respect to his criminal history in connection with this litigation.

//

---

[1] For example, Plaintiff could have sought production of the District Attorney's file for the underlying criminal case, as well as the Superior Court's file and any information in the possession of the California Department of Justice or the County concerning the identity of the true warrant suspect.

**A.**     **Plaintiff's Fifth Cause of Action Fails to State Facts Sufficient to Support a Claim for Violation of Privacy Rights Under the Fourteenth Amendment.**

Plaintiff's Fifth Cause of Action alleges only conclusions, with no facts to support those conclusions.  Although Rule 8(a)(2) of the Federal Rules of Civil Procedure permits pleading by setting forth "a short and plain statement of the claim showing that the pleader is entitled to relief," proper pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).  A complaint fails to satisfy the pleading standard "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (1955)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' . . . [citations omitted] . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Proper pleading requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

In other words, it is not enough for Plaintiff to simply allege, in conclusory fashion, that Defendants' personnel (in criminal conspiracy with defense counsel) have accessed his criminal history "without lawful justification," without alleging any facts demonstrating that the purported access was unlawful.  Plaintiff must plead facts giving rise to a plausible inference that Defendants acted unlawfully.  Plaintiff has not satisfied this standard.  The statute upon which Plaintiff relies to support his claim that the access was unlawful, California Penal Code § 11105, provides that county sheriffs and their deputies may have lawful access to state summary criminal history information "if needed in the course of their duties."  Cal. Penal Code § 11105(b).  There are no facts alleged which could create an inference that any alleged accessing of Plaintiff's criminal history by LASD

1    personnel was not "needed in the course of their duties."   It is every bit as likely

2    that the alleged accessing of Plaintiff's criminal history on the dates alleged was

3    "needed in the course of their duties."   Because, based on the conclusory

4    allegations, a lawful purpose is entirely plausible, the allegations do not give rise to

5    any inference of unlawful activity.

6         The same is true with respect to Plaintiff's allegation that Plaintiff's criminal

7    history was the result of a criminal conspiracy, the purpose of which "was to

8    surreptitiously obtain confidential criminal history regarding Plaintiff in order to

9    secure a litigation advantage for defendants County and LASD in Plaintiff's

10   pending lawsuits against defendants."   (RJN, Exhibit A, ¶ 95.)   Plaintiff does not

11   allege what sort of litigation advantage could have been, or has been, gained by

12   accessing his criminal history.   Indeed, in light of the fact that Plaintiff requested

13   that Defendants produce his criminal history in this litigation, and that Defendants

14   responded to that request and produced it to him, it is difficult to see what

15   advantage Defendants could have gained by subsequently accessing his criminal

16   history at a later date.   (RJN, Exhibit E at 3:20-21; Exhibit F at 4:1-13.)

17        Finally, Plaintiff does not allege precisely what he believes Defendants'

18   personnel accessed concerning his criminal history.   The statute upon which he

19   relies, California Penal Code § 11105, pertains only to "state summary criminal

20   history," which § 11105 defines as "the master record of information compiled by

21   the Attorney General pertaining to the identification and criminal history of any

22   person."   Cal. Penal Code § 11105(a)(2)(A).   Plaintiff does not allege any facts

23   from which it could be inferred that any of Defendants' personnel accessed his

24   "state summary criminal history," as that term is defined in § 11105(a)(2)(A).

25        Plaintiff has not satisfied Rule 8(a)(2), as interpreted by the Supreme Court

26   in *Iqbal*.   As such, the Fifth Cause of Action fails to state facts sufficient to state a

27   claim, and should be dismissed.   Because Plaintiff clearly lacks the ability to plead

28   sufficient facts to support the broad conclusions set forth in his Fifth Cause of

10

Action (if he had sufficient facts, he most certainly would have pled them), the claim should be dismissed with prejudice.

**B.**      **<u>Plaintiff Has Waived Any Privacy Interest in His Criminal History by Placing His Criminal History at Issue in this Litigation.</u>**

By demanding that his criminal history information be produced in this litigation and available to the parties and their counsel in preparation for trial, Plaintiff has waived any claim to privacy with respect to his criminal history as it pertains to this litigation.  As set forth above, Plaintiff specifically requested that Defendants produce his criminal history information to him (and Defendants did produce it to him per his request).  (RJN, Exhibit E at 3:20-21; Exhibit F at 4:1-13.)   To produce Plaintiff's criminal history information to him necessarily requires that his criminal history information be accessed.  Once the criminal history information has been produced (per Plaintiff's consent and request), Plaintiff and Defendants are on equal footing with respect to their knowledge of what the criminal history contains, and there is no litigation advantage to Defendants.[2]

Moreover, Plaintiff has placed his criminal history directly at issue in this litigation.  His Third Amended Complaint references criminal history information, and law enforcement's use of criminal history information, repeatedly.   For example, Plaintiff contends that a primary use of numeric identifiers, such as CII

---

[2] Plaintiff may claim that Defendants produced his local (County) criminal history information, whereas Plaintiff is alleging that Defendants accessed his state criminal history information without his permission.  Such an argument would be flawed for two reasons.  First, Plaintiff does not allege what is different about his state criminal history as opposed to his County criminal history, or how any difference or distinction could have afforded Defendants with a litigation advantage.  Second, Plaintiff requested that his state criminal history information be produced in this litigation, and it was produced to him.  (RJN, Exhibit E at 3:20-21; Exhibit F at 4:1-13.)

11

numbers, is to generate a suspect's criminal history, which can then be used to determine if a suspect who has been arrested on a warrant is the true warrant subject.  (RJN, Exhibit A, ¶ 12.)  Plaintiff also contends that such information can be used to update a CWS warrant, and that the County and LASD have engaged in a practice of not using such information to update warrants.  (RJN, Exhibit A, ¶¶ 27-29.)  The examination of Plaintiff's state and local criminal history is therefore essential to the litigation, based on Plaintiff's own allegations.  Plaintiff would tie Defendants' hands by alleging facts that make review of his criminal history information essential, but demanding that Defendants not review his criminal history information without his permission.

The arguments presented herein are not foreclosed by *Gonzales v. Spencer*, 336 F.3d 832 (9th Cir. 2003), cited by Plaintiff in the Third Amended Complaint. *Gonzales* concerned a claim that an attorney for the County had accessed a plaintiff's juvenile court records without obtaining authorization by the juvenile court or the plaintiff, in violation of California Welfare & Institutions Code § 827(a)(1)(M).  *Id.* at 834.  Juvenile criminal records are subject to much more restrictive privacy protection than is adult criminal history information.  Unlike the restrictions placed on juvenile records, Penal Code § 11105 specifically authorizes the sheriff and his deputies to access adult criminal history information for any purpose at all, so long as the information is "needed in the course of their duties." Cal. Penal Code § 11105(b).  Also, in *Gonzales*, there was no indication that the plaintiff had requested that his juvenile records be produced.  In this litigation, of course, it is undeniable that Plaintiff asked Defendants to access his criminal history information.

Plaintiff's Fifth Cause of Action is barred because Plaintiff has waived any privacy rights with respect to the information.  The cause of action should be dismissed with prejudice.

//

12

## IV. <u>PLAINTIFF'S SIXTH CAUSE OF ACTION IS BARRED BY THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL AND BY STATUTORY IMMUNITIES, AND BECAUSE CAL. CONST. ART. I, § 13 IS NOT SELF-EXECUTING.</u>

Plaintiff's Sixth Cause of Action is barred, and should be dismissed with prejudice, to the extent it is based on his 2007 detention or the California Constitution, for two reasons: (1) to the extent Plaintiff asserts a false imprisonment claim arising from his 2007 arrest and detention, Plaintiff's claims are barred by collateral estoppel and res judicata; and (2) Article I, § 13 of the California Constitution is not self-executing, and does not give rise to a claim for damages.

### A. <u>Plaintiff's Sixth Cause of Action is Barred by the Doctrines of Res Judicata and Collateral Estoppel.</u>

Plaintiff's Sixth Cause of Action, to the extent it is based on his arrest and detention in 2007, is barred for the same reason his Fourth Cause of Action is barred: this Court has previously dismissed his false imprisonment claim arising from his 2007 detention.   In the *Gant* litigation, Plaintiff brought a false imprisonment claim arising from his detention in the jail in 2007.  (RJN, Exhibit H, ¶¶ 68-70.)  That claim was dismissed with prejudice by this Court.  (RJN, Exhibit B at 28:18-28.)   Therefore, for the reasons discussed above in Section II above, Plaintiff's false imprisonment claim, to the extent it pertains to his 2007 detention, is barred by res judicata and collateral estoppel.  Moreover, for the reasons set forth above in Section II, the fact that Plaintiff now claims to have information regarding warrant no. NVMA00209001 that he did not previously have during the *Gant* litigation makes no difference, because there was lawful authority to detain Plaintiff *independent of warrant no. NVMA00209001*.  Plaintiff therefore cannot bring a claim for false imprisonment pertaining to his 2007 arrest and detention.

13

**B.**   **Article I, § 13 of the California Constitution Does Not Give Rise to a Stand-Alone Claim for Damages.**

The California Supreme Court does not recognize a direct constitutional tort for violation of a provision of the California Constitution that is not self-executing. In *Katzberg v. Regents of the Univ. of Cal.*, 29 Cal.4th 300 (2002) and *Degrassi v. Cook*, 29 Cal.4th 333 (2002), the Court refused to recognize such a remedy arising out of Article I, §§ 2 and 7 of the California Constitution (guaranteeing the rights of free speech and due process, respectively). The Supreme court in both of those cases found that (1) there was no evident intent for a damages remedy arising out of §§ 2 and 7 to be found in the Constitution itself, and neither the drafting history of those provisions nor the common law history supported recognition of a damages remedy; and (2) that there were sufficient alternative remedies already available to the plaintiffs and to recognize a damages remedy would effect a change in the tort law of the state.

The California Court of Appeal has been equally reluctant to recognize a damages remedy arising out of provisions of the California Constitution which are not self-executing. *See*, *e.g.*, *Carlsbad Aquafarm, Inc. v. State Dept. of Health Services,* 83 Cal.App.4th 809 (2000) (no damages remedy for violation of Article I, Section 7 of California Constitution), *Bonner v. City of Santa Ana*, 45 Cal.App.4th 1465 (1996) (also addressing Article I, Section 7 of California Constitution), *Gates v. Superior Court,* 32 Cal.App.4th 481 (1995) (no damages remedy for violation of Article I, Section 7 of California Constitution), *Clausing v. San Francisco Unified School District,* 221 Cal.App.3d 1224 (1991) (no damages remedy for violation of Article I, Sections 1 and 28 of California Constitution), *Leger v. Stockton Unified School District*, 202 Cal.App.3d 1448 (1988) (no damages remedy for violation of Article I, Section 28 of California Constitution).

Following the *Katzberg* analysis, federal courts have held that Article I, § 13 of the California Constitution is not self-executing, and does not give rise to a

14

stand-alone claim for damages.  *See*, *e.g.*, *Rendon v. Fresno Police Dept.* 2006 WL 2694678 (E.D. Cal. 2006); *Wigfall v. City and County of San Francisco*, 2007 WL 174434 at *4-6 (N.D. Cal. 2007).   Applying the *Katzberg* analysis, the *Wigfall* court observed that the language of § 13 "does not contain any specific authority for the recovery of damages," and "provides no mechanism or guidelines" that would suggest authorization to recover damages or a specific monetary remedy.  *Id*. at *5.  The Court also noted the existence of other remedies under the law for violation of Article I, § 13.  *Id*. at *6.  Accordingly, having weighed the *Katzberg* factors and finding that they weighed against concluding that § 13 is self-executing, the District Court dismissed the claim.  *Id*.

Although the California courts have yet to address the question of whether Article I, § 13 of the California Constitution is self-executing, under the *Katzberg* analysis there is no apparent reason why it should or would be.  Based on the analysis of the *Wigfall* court, which applied the same *Katzberg* factors this or any other California court would be required to apply, § 13 is not self-executing.  The court should therefore dismiss Plaintiff's Sixth Cause of Action with prejudice.

# V.  <u>CONCLUSION.</u>

Based on the foregoing, Defendants respectfully request that their motion to dismiss be granted, and that Plaintiff's Fourth, Fifth, and Sixth Causes of Action be dismissed with prejudice.

Dated:  February 6, 2015             LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/ Scott E. Caron_____
        Scott E. Caron
Attorneys for Defendants
County of Los Angeles and Los Angeles County
Sheriff's Department

15