MICHAEL D. ALLEN, State Bar No. 198126
mallen@lbaclaw.com
SCOTT E. CARON, State Bar No. 227871
scaron@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Los Angeles County Sheriff's Department

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD LENARD SMITH, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF LOS ANGELES, et al,<br><br>　　　　　Defendants. | Case No. CV 11-10666 DDP (PJWx)<br><br>Hon. Dean D. Pregerson<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Request for Judicial Notice and Motion to Dismiss filed concurrently*]<br><br>Date: March 9, 2015<br>Time: 10:00 a.m.<br>Courtroom 3<br><br>Discovery Cutoff: March 30, 2015<br>Pretrial Conf.: June 1, 2015<br>Trial Date: June 9, 2015 |

　　　　TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND TO THEIR ATTORNEYS OF RECORD:

1

PLEASE TAKE NOTICE that on March 9, 2015, at 10:00 a.m., or as soon thereafter as Defendants may be heard, in Courtroom 3 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT will move, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike the Fourth, Fifth, and Sixth Causes of Action from Plaintiff's Third Amended Complaint on grounds that these causes of action were made without leave of the Court, and are therefore immaterial, impertinent, and irrelevant. Defendants also move to strike the Fifth Cause of Action on grounds that it makes scandalous accusations against Defendants and defense counsel by accusing them of criminal conduct without factual foundation.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities and the pleadings on file herein, and upon such further matters as may be presented at or before the hearing of this Motion.

This Motion is made following counsel for Defendants' unsuccessful attempt to informally resolve these issues in good faith pursuant to Local Rule 7-3.

Dated: February 6, 2015     LAWRENCE BEACH ALLEN & CHOI, PC

By   /s/ Scott E. Caron
     Scott E. Caron
Attorneys for Defendants
County of Los Angeles and Los Angeles County Sheriff's Department

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I. INTRODUCTION .......................................................................................... 1

II. THE FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION SHOULD BE STRICKEN BECAUSE PLAINTIFF FAILED TO OBTAIN LEAVE TO ASSERT THEM, AND BECAUSE THE FIFTH CAUSE OF ACTION ASSERTS SCANDALOUS ACCUSATIONS ............ 3

III. CONCLUSION ............................................................................................... 7

i

# TABLE OF AUTHORITIES

**Page(s)**

Federal Cases

*Allen v. County of Los Angeles*,
  2009 WL 666449 (C.D. Cal. 2009) ................................................................. 5

*Earll v. Ebay, Inc.*,
  2012 WL 3255605 (N.D. Cal. 2012) ............................................................... 5

*Palm Beach Strategic Income, LP v. Salzman*,
  457 Fed.Appx. 40 (2d Cir. 2012) .................................................................... 5

*PB Farradyne, Inc. v. Peterson*,
  2006 WL 2578273 (N.D. Cal. 2006) ............................................................... 5

*Wheat v. California*,
  2013 WL 450370 (N.D. Cal. 2013) ................................................................. 5

Federal Statutes

42 U.S.C. § 1983 ........................................................................................... 2, 4, 5

State Statutes

Cal. Penal Code § 11105(a)(2)(A) ..................................................................... 2

Cal. Penal Code § 11105(b) ............................................................................... 2

California Civil Code § 52.1 .............................................................................. 3

California Penal Code § 11105 .......................................................................... 2

Federal Rules

Rule 12(f) of the Federal Rules of Civil Procedure ....................................... 2, 6

Rule 15(a)(2) of the Federal Rules of Civil Procedure ............................. 5, 6, 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff claims he was arrested in Antioch, Tennessee in July 2007 on Los Angeles Superior Court warrant no. NVMA00209001, extradited to California, and detained by Defendant Los Angeles County Sheriff's Department ("LASD") before being released as not having been the subject of that warrant. (Request for Judicial Notice ("RJN"), Exhibit A, ¶ 52.) Plaintiff claims the warrant does not identify its true subject by his CII, FBI, or LA Main number, and claims that the warrant incorrectly states the warrant subject's name and date of birth. (RJN, Exhibit A, ¶¶ 46, 53, 57.) Plaintiff describes CII, FBI, and LA Main numbers as "unique numeric identifiers" tied to a person's fingerprints, and explains that these numbers are proxies for a person's fingerprints. (RJN, Exhibit A, ¶ 12.) Plaintiff further claims that following his release in 2007, County of Los Angeles authorities did not update the warrant in the Countywide Warrant System ("CWS") with exonerating information indicating he is not the subject of the warrant. (RJN, Exhibit A, ¶ 53.)

Plaintiff claims he was arrested again by the Los Angeles Police Department ("LAPD") on warrant no. NVMA00209001 in January 2011, and has been denied a United States passport because of the warrant. (RJN, Exhibit A, ¶ 61.) He contends he would not have been arrested again, and would not have been denied a passport, if the warrant had been updated following his release in 2007 with information indicating he is not the warrant subject, or if the warrant included the CII, FBI, and LA Main numbers of the true warrant subject. *Id*. He contends he would not have been arrested in either 2007 or 2011 had the warrant included the correct name of the warrant subject, and/or the correct date of birth, been included on the warrant. (RJN, Exhibit A, ¶ 65.) Plaintiff admits that the District Court previously dismissed his claims concerning his 2007 detention on grounds that the detention did not violate his constitutional rights. (RJN, Exhibit A, ¶¶ 83-91.)

Plaintiff also claims that his criminal history has been accessed by Los Angeles County Sheriff's personnel "without lawful justification." (RJN, Exhibit A, ¶¶ 92-96.) He claims this was done "pursuant to a conspiracy" between the County and its retained counsel in this litigation, for the purpose of securing a litigation advantage. (RJN, Exhibit A,, ¶ 95.) The Third Amended Complaint does not specify how or why the accessing of Plaintiff's criminal history was unlawful – indeed, the statute Plaintiff cites in support of this claim (California Penal Code § 11105) permits law enforcement personnel to access criminal history for any reason at all if "needed in the course of their duties." Cal. Penal Code § 11105(b). The Third Amended Complaint also does not allege what type of criminal history information was accessed. (RJN, Exhibit A, ¶¶ 92-96.) Penal Code § 11105 applies only to "state summary criminal history information," which the statute defines as "the master record of information compiled by the Attorney General pertaining to the identification and criminal history of any person." Cal. Penal Code § 11105(a)(2)(A).

Plaintiff has brought suit against the County of Los Angeles and Los Angeles County Sheriff's Department, seeking damages and injunctive relief under 42 U.S.C. § 1983 for violation of Fourth and Fourteenth Amendment rights arising out of both his 2007 and 2011 detentions, the alleged denial of his passport, and the alleged accessing of his criminal history information. Plaintiff also seeks injunctive relief, and brings suit for false imprisonment under state law (despite the fact that the District Court previously dismissed, with prejudice, a state law false imprisonment claim brought by Plaintiff in another case concerning his 2007 detention). Defendants now move to strike Plaintiff's Fourth, Fifth, and Sixth Causes of Action on grounds that Plaintiff has brought these causes of action without leave of the Court. Defendants also move to strike the Fifth Cause of Action on grounds that it makes scandalous accusations against Defendants and defense counsel by accusing them of criminal conduct without factual foundation.

## II. THE FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION SHOULD BE STRICKEN BECAUSE PLAINTIFF FAILED TO OBTAIN LEAVE TO ASSERT THEM, AND BECAUSE THE FIFTH CAUSE OF ACTION ASSERTS SCANDALOUS ACCUSATIONS.

On January 16, 2015, the Court entered an order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Second Amended Complaint. (RJN, Exhibit I.) As part of that order, the District Court granted the motion as to Plaintiff's Fourth Amendment particularity claims, but allowed Plaintiff leave to amend his Fourth Amendment claim, which originally alleged that warrant no. NVMA00209001 did not contain numeric identifiers tied to Plaintiff's fingerprints. (RJN, Exhibit I at 7:13-8:20.) The purpose of granting leave was to permit Plaintiff to allege facts concerning the contents of the warrant which were stated in Plaintiff's opposition to the motion to dismiss, but which were not alleged in the complaint (Plaintiff stated in his opposition that he had only recently learned of these allegations). (*Id*.) The Court outlined those facts which the Court stated it believed would be sufficient to state a Fourth Amendment cause of action, and stated:

> "However, Plaintiff has not yet pled these facts in his complaint. This is somewhat perplexing, as he has known of the name "Robert Lee Cooks" since at least 2012 . . . The Court therefore finds that Plaintiff's complaint does not state a claim under the Fourth Amendment, but that it could do so with amendment. Plaintiff's claim is dismissed with leave to amend."

(RJN, Exhibit I at 8:9-16.)

In addition, the Court granted Defendants' motion to dismiss Plaintiff's cause of action under California Civil Code § 52.1, and denied Defendants' motion to dismiss the Fourteenth Amendment claim. (RJN, Exhibit I at 8:21-16:22.) The Court did not grant Plaintiff leave to amend the complaint other than to allege

3

certain facts in support of his Fourth Amendment claim. (RJN, Exhibit I.)

Rather than amend his complaint within the scope of the leave granted to him by the Court, however, Plaintiff has chosen to amend his complaint far beyond the scope of amendment the Court permitted in its January 16, 2015 order. Plaintiff added three entirely new causes of action, which assert entirely new theories of liability - some of which are wholly unrelated to his January 2011 arrest. One of those new theories, the Fifth Cause of Action concerns allegations that County personnel and its retained counsel engaged in a criminal conspiracy to violate his privacy rights by allegedly accessing his criminal history information without a lawful purpose.[1] (RJN, Exhibit A, ¶¶ 92-96.) This cause of action alleges facts that purportedly began to take place *almost one full year after* the facts giving rise to this lawsuit took place; it alleges incidents of accessing Plaintiff's criminal history beginning in December 2011, and continuing until 2013. (RJN, Exhibit A, ¶ 94.) It has nothing at all to do with Plaintiff's original claim that he was arrested because the warrant description did not sufficiently describe its subject, and is unrelated entirely to the incident which gave rise to the lawsuit. The Court did not contemplate such a cause of action when it granted Plaintiff leave to amend his Fourth Amendment Cause of Action (indeed, the Fifth Cause of Action asserts a claim under 42 U.S.C. § 1983 for violation of *Fourteenth Amendment rights*, whereas the Court granted Plaintiff leave only to bolster his *Fourth Amendment* claim).

Plaintiff's Fourth Cause of Action not only injects an entirely new theory of liability into this litigation, it asserts a claim *which has already been rejected by*

---

[1] To the extent the Fifth Cause of Action casts aspersions not only on Defendants' personnel, but also on defense counsel, and recklessly accuses Defendants' personnel and defense counsel of criminal conduct, Defendants believe the allegations are sanctionable under Rule 11, and Defendants intend to bring a Rule 11 motion seeking sanctions against Plaintiff's counsel for making such baseless accusations without evidentiary support.

4

*this Court and the Ninth Circuit*. The Fourth Cause of Action asserts a claim under 42 U.S.C. § 1983 arising from Plaintiff's 2007 arrest and detention on warrant no. NVMA00209001. In *Gant v. County of Los Angeles*, District Court Case No. 08-5756 GAF (PWx), this Court, per Judge Feess, dismissed with prejudice, claims by Plaintiff that the lack of specificity in the warrant led to his arrest and detention in 2007. (RJN, Exhibit B at 15:24-17:13.) The Court also held that, because there was lawful authority to detain Plaintiff on another warrant, and because Plaintiff was in custody pursuant to Superior Court remanding orders for most of the time he was in County custody, his detention did not violate his constitutional rights and his § 1983 claim was dismissed with prejudice. (RJN, Exhibit C.) Plaintiff's attempt to revive that claim in this complaint, without leave of the Court, is improper. Finally, Plaintiff attempts to assert a cause of action under state law (the Sixth Cause of Action), which was not contemplated by this Court when it granted leave to amend.[2]

In amending the complaint beyond the scope of the leave the Court granted, Plaintiff violated Rule 15(a)(2) of the Federal Rules of Civil Procedure, which requires leave of the Court to amend the complaint. It is proper for the Court to strike new causes of action in an amended complaint when the amendment exceeds the scope of the leave granted by the Court. *See*, *e.g.*, *Palm Beach Strategic Income, LP v. Salzman*, 457 Fed.Appx. 40, 43-44 (2d Cir. 2012) (collecting authorities supporting dismissal of amendments that exceed the scope of leave to amend); *Wheat v. California*, 2013 WL 450370 at *4, fn.4 (N.D. Cal. 2013); *Earll v. Ebay, Inc.*, 2012 WL 3255605 at *3 (N.D. Cal. 2012); *Allen v. County of Los Angeles*, 2009 WL 666449 at *9 (C.D. Cal. 2009) ("Because . . .Plaintiff's allegations exceed the scope of the court's grant of leave to amend, this dismissal should be without leave to amend."); *PB Farradyne, Inc. v. Peterson*, 2006 WL

---

[2] The Sixth Cause of Action also asserts a claim that was previously dismissed, with prejudice, in the *Gant* litigation. (RJN, Exhibit B at 28:18-28.)

5

2578273 at *3 (N.D. Cal. 2006). It is also proper for the Court to strike scandalous allegations, such as those asserted in the Fifth Cause of Action. Fed. R. Civ. P. Rule 12(f).

Defendants are severely prejudiced by the amendments to the complaint, which were never contemplated by the Court or Defendants when the Court granted leave to amend. The amendments assert entirely new theories of liability, some of which are entirely unrelated to Plaintiff's January 2011 arrest on the warrant. There is a discovery cutoff of March 30 and an expert witness disclosure deadline of March 20. There is also a May 4 motion hearing cutoff date. Plaintiff has refused to stipulate to a continuance of these dates. Defendants are now in the position of having to defend entirely new theories of liability. On the Fifth Cause of Action alone, Defendants will have to track down new witnesses and supporting evidence to refute Plaintiff's contention that his criminal history was accessed without a lawful purpose. Plaintiff has threatened, in the Third Amended Complaint, to add defense counsel as defendants in this matter - a contingency which would further complicate the proceedings and require further litigation. Indeed, the allegations asserted in the Fifth Cause of Action, which alleges that Defendants' personnel and defense counsel engaged in a criminal conspiracy, are particularly serious; Defendants and defense counsel are entitled to due process so that they can establish that, notwithstanding Plaintiff's reckless and capricious contentions, they are not criminals.

To assert such serious allegations at such a late stage in the litigation, without first seeking leave of the Court, is extremely detrimental and prejudicial.[3]

---

[3] If Plaintiff were to seek leave to amend, Plaintiff would be required to provide an explanation as to the evidentiary basis for the allegations and the reasons why the allegations could not have been brought at an earlier time. Defendants would have had an opportunity to rebut Plaintiff's proffered explanation. Because Plaintiff chose to violate Rule 15(a)(2), and to amend his complaint without leave of the Court, Defendants have been deprived of the opportunity to respond. As such, the

Such allegations are also potentially damaging to Defendants', and to defense counsel's, reputations, particularly since the allegations are made without any justification and without any factual foundation to support Plaintiff's conclusory claim that Defendants' personnel and/or defense counsel violated the law.

Because Plaintiff has asserted entirely new causes of action and new theories of liability without leave of the Court in violation of Rule 15(a)(2), because neither the Court nor Defendants contemplated that these new causes of action and new theories would be added to the complaint, and because the new theories are prejudicial and scandalous as to Defendants and their counsel, the Fourth, Fifth, and Sixth Causes of Action should be stricken, with prejudice.

### III. CONCLUSION.

Based on the foregoing, Defendants respectfully request that the Court strike the Fourth, Fifth, and Sixth Causes of Action from the Third Amended Complaint.

Dated:  February 6, 2015            LAWRENCE BEACH ALLEN & CHOI, PC


By      /s/ Scott E. Caron
            Scott E. Caron
Attorneys for Defendants
County of Los Angeles and Los Angeles County Sheriff's Department

---

complaint now contains frivolous allegations of criminal conspiracy asserted against Defendants and their counsel.

7