UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666-DDP (PJWx) | | Date | March 20, 2015 |
|---|---|---|---|---|
| Title | *Reginald Smith v. County of Los Angeles, et al.* | | | |

| Present: The Honorable | PATRICK J. WALSH | |
|---|---|---|
| I. Martinez | | CS 3/20/2015 |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Donald Cook | | Scott Caron |

**Proceedings:**   **Order re:** Plaintiff's Motion to Compel Further Responses to Requests for Production (Doc. No. 121.)

    Case called and appearances made. Before the Court is Plaintiff Reginald Smith's motion to compel further responses to requests for production and for sanctions. (Doc. No. 121.) For the following reasons, the motion is granted in part and denied in part.

    This is an action in which Plaintiff Reginald Smith contends that he was wrongfully identified as the subject of a warrant for a sexual battery charge. He claims that the actual perpetrator was Robert Lee Cooks, who was known to the victim only as "Reggie." According to Plaintiff, sheriff's department officials obtained a warrant to arrest "Reggie Smith" using Plaintiff's identifiers (such as his birth date) without any justification.

    In March 2012, Plaintiff began propounding its requests for production on Defendants County of Los Angeles and the Los Angeles Sheriff's Department. (Motion at Exh. E.) This included requests for documents from the District Attorney's Office file for the case *People v. Reggie Lamar Smith t/n Robert Lee Cooks*, case no. MA002090-01, regarding the identity of the defendant in that case and the booking number that was used as search criteria for other records. Although Defendants objected to the requests, they produced a number of documents and listed others on a privilege log. Plaintiff now moves to compel further responses to his requests for production, arguing that some of the documents on the privilege log should be produced. Although the initial joint stipulation covered additional discovery requests, it appears that just five documents are now in dispute.[1] These include 1) the DA Office's Prosecutor Information Management System ("PIMS") report for *People v. Smith*,[2] 2) Deputy District Attorney Robert Sherwood's 10/22/2012 handwritten notes, 3) a typed statement of facts from the DA

---

[1] The Court appreciates counsel's resolution of their disputes over the remaining documents.

[2] PIMS refers to, and is, a computer database used by the DA to track criminal prosecutions. (Stipulation at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666-DDP (PJWx) | Date | March 20, 2015 |
|---|---|---|---|
| Title | *Reginald Smith v. County of Los Angeles, et al.* | | |

file from 11/19/1990, 4) the DA's handwritten notes regarding the facts of the case, and 5) a disposition report dated 2/20/1991.[3] Each document is addressed in turn.

<u>The PIMS Report for *People v. Smith*</u>

Plaintiff requests the DA Office's PIMS report for *People v. Smith*. Plaintiff contends that this report was filed as an exhibit in the superior court in connection with a hearing in Plaintiff's case in August 2007, and therefore, as a matter of public record, is not privileged.[4] Defendants object to the request, arguing that the documents in the DA file are generally protected by the official information privilege, attorney work product privilege, and deliberative process privilege. (Stipulation at 14-15, 20-22.) In their supplemental brief, they note that they have now produced a PIMS report from the Fugitive Warrant Unit's warrant file for the subject warrant which "includes the information counsel contends was included in the PIMS report the District Attorney's Office submitted to the Superior Court in August 2007 when Plaintiff was in custody on the warrant (i.e., a CII number substantially matching Plaintiff's)." (Supplemental Opposition at 2.) They argue that, because Plaintiff now has the PIMS information he seeks from Defendants, they should not be required to produce it. In an email to the Court, however, Defendants now contend that the DA's file simply does not contain a printout of the PIMS report and it cannot be recreated because the deputy District Attorney does not recall what information was contained on it when it was first generated.

During the hearing, Defendants' counsel agreed to produce a PIMS report, recreating to the best of his ability the PIMS report presented to the superior court in August 2007. The Court and Plaintiff's counsel understand that this may not be an exact replica of that report because it is not currently known precisely what was in the original report.

<u>The 10/22/2012 Handwritten Notes</u>

Next, Plaintiff requests that Defendants produce Deputy District Attorney Robert Sherwood's handwritten notes regarding the status of the case from October 22, 2012. Plaintiff contends that in November 2010, LASD finally updated the personal identifiers for the Cooks warrant but continued to use Plaintiff's identifiers. Plaintiff believes that two years later, in November 2012, County officials finally corrected the warrant and eliminated Plaintiff's identifiers but complains that, by replacing the earlier record, County officials effectively suppressed evidence showing that the record was wrongfully updated in 2010 to include Plaintiff's identifiers. As a result, Plaintiff requests production of Sherwood's October 2012 case status notes, which were made just a few weeks before County officials

---

[3] Originally, Plaintiff also sought the DA Office's master witness list for the underlying criminal case. During the hearing, Plaintiff withdrew that request.

[4] According to Plaintiff, the PIMS report is no longer available from the superior court's file and the superior court's custodian has informed Plaintiff's counsel that she cannot locate it. (Supplemental Motion at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666-DDP (PJWx) | Date | March 20, 2015 |
|---|---|---|---|
| Title | *Reginald Smith v. County of Los Angeles, et al.* | | |

corrected the warrant. (Stipulation at 15, 52.)

Defendants object that Sherwood's case status notes are protected by the official information privilege, attorney work product privilege, and deliberative process privilege. They also point out that the underlying criminal case is still open and that it would be prejudicial to the County if those notes were released. (Stipulation at 15.) Although they attach Sherwood's declaration stating that the contents of the DA's file for *People v. Reggie Smith t/n Robert Lee Cooks* contains privileged information and attorney work product, Sherwood's declaration says nothing about his 10/22/2012 case notes. In fact, the declaration was signed by Sherwood in August 2012, before the notes had been created.

Having reviewed the 10/22/2012 notes in camera, the Court orders Defendants to produce them, subject to a protective order prohibiting Plaintiff's counsel from disseminating them outside his legal team. The Court finds that any claim of attorney work product is overshadowed by the fact that the notes are recitations of facts, not mental impressions or trial strategies, and Plaintiff has a substantial need for the information. *See Doubleday v. Ruh*, 149 F.R.D. 601, 607-08 (E.D. Cal. 1993). Nor, on balance, is the document subject to the official information privilege. It does not appear to be particularly sensitive such that disclosure would compromise the prosecution and it will be released subject to a protective order that will preclude public dissemination. Finally, Defendants' assertion of a deliberative process privilege is also overruled as disclosure would not expose any decision-making processes in such a way as to discourage candid discussion. *See Lahr v. Nat'l. Trans. Safety Bd.*, 569 F.3d 964, 981-82 (9th Cir. 2009).

<u>11/19/1990 Typed Statement of Facts and the DA's Handwritten Notes</u>

Plaintiff also seeks a typed "Statement of Facts" from the DA file, created on November 19, 1990. He argues that this document is directly probative of whether the victim, CM, learned her attacker's last name by seeing his drivers license, as an LASD deputy now claims, or knew her attacker only as "Reggie." (Supplemental Brief at 3.) Defendants argue that the document is protected by the official information privilege, attorney work product privilege, and deliberative process privilege. (Stipulation at 15.) They claim that it reflects information directly related to the District Attorney's Office's decision-making and deliberative processes regarding the underlying criminal proceeding. They also contend that it is work product and disclosure would interfere with the prosecution of the Cooks, who is at large. (Stipulation at 23.)

Having heard argument on this issue and reviewed the 11/19/1990 statement of facts in camera, the Court orders that Defendants produce the statement. It is directly relevant to Plaintiff's claims. Further, because the DA's handwritten notes are identical to the 11/19/1990 typed Statement of Facts, Defendants are ordered to produce the handwritten notes, too. Though the Court recognizes that this is a close call in that the notes were drafted by the prosecutor and that they reflect considerations that the prosecutor believed were important, the facts discussed go to the heart of the issues in the case at bar. As such, they are discoverable. *See Doubleday*, 149 F.R.D. at 608. Given that compelling need, and in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10666-DDP (PJWx) | Date | March 20, 2015 |
|---|---|---|---|
| Title | *Reginald Smith v. County of Los Angeles, et al.* | | |

light of the fact that the documents will be produced subject to a strict protective order, the Court also finds that the official government information privilege has been overcome. *See id.* at 609 (ordering disclosure of information normally subject to official information privilege where plaintiff established compelling need for the information). Lastly, the deliberative process objection is also overruled. After evaluating the relevance, the availability of other evidence, the government's role in the litigation, and the extent to which disclosure would inhibit frank discussion, the Court finds that Plaintiff's need for the document overcomes the government's interest in non-disclosures. *See Lahr*, 569 F.3d at 981-82; *F.T.C. v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

<u>Disposition Report dated 2/20/1991</u>

Finally, Plaintiff seeks the DA Office's disposition report dated 2/20/1991. Having reviewed the document in camera, the Court agrees that the document reflects the attorney's mental impressions, opinions, and conclusions in the underlying criminal case, and constitutes attorney work product. Nevertheless, in his papers and at oral argument, Plaintiff has established that he has a compelling need for the information, and that the attorney's mental impressions and opinions at the time are directly relevant to this action. *See Doubleday*, 149 F.R.D. at 608. Similarly, Plaintiff's arguments regarding his need for the information have also persuaded the Court that this need trumps the official government information privilege and deliberative process objections. *See id.* at 609; *Lahr*, 569 F.3d at 981-82; *F.T.C.*, 742 F.2d at116.

<u>Plaintiff's Request for Sanctions</u>

Plaintiff's request for sanctions in the amount of $17,465.00 is denied. Defendants had legitimate reasons for opposing the production of the documents at issue and the law supported their positions in many respects.

S:\PJW\Cases-X\Smith v. County of LA\MO motion to compel.wpd

| | 0 | : | 50 |
|---|---|---|---|
| Initials of Preparer | sr | | |