1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
manncook@earthlink.net
(213) 252-9444 / (213) 252-0091 facsimile

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD LENARD SMITH, individually and as a class representative, | Case No. CV11-10666 DDP (PJWx) |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DONALD W. COOK** |
| vs. | |
| COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, LEE BACA, DOES 1 through 10, both their personal and official capacities, | |
| Defendants. | Date: 5/4/15 Time: 10:00 a.m. Ctrm: 3 (Spring St.) DCO date: 5/18/15 Pretrial date: 8/10/15 Trial date: 8/18/15 |

TO THE HON. DEAN D. PREGERSON, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, May 4, 2015, in Courtroom 3 of the above entitled Court, located at 312 South Spring Street, Los Angeles, California, at 10:00 a.m., or as soon thereafter as counsel may be heard, Plaintiff will move the Court for an order granting leave to file a Fourth Amended Complaint for Damages. A copy of the proposed amended complaint is lodged herewith as doc. 143-2.

00102940.WPD

1       This motion will be pursuant to Rule 15, Federal Rules of Civil Procedure, and will

2 based upon this Notice, the accompanying Memorandum of Points and Authorities; all

3 the papers and pleadings on file on this action, and upon such other and further evidence

4 and argument as the Court deems necessary or convenient.

5       This motion is made following the conference of counsel pursuant to L.R. 7-3

6 which took place on March 26 - 31, 2015, in the context of Plaintiff seeking defendants'

7 stipulation to file the amended complaint per the Court's suggestion made March 19,

8 2015.

9

10 DATED: April 6, 2015

11                            **DONALD W. COOK**
                           Attorney for Plaintiff

12

13

14            By_____

15                       Donald W. Cook

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. Case Background and Relief Requested.

This is civil rights case pursuant to 42 U.S.C. §1983 and state law. Plaintiff, Reginald Smith, has been repeatedly arrested on a no-bail felony warrant because County officials (a) wrongly used Plaintiff's identifiers to identify the suspect Robert Lee Cooks wanted on a no-bail felony rape warrant; (b) repeatedly refused, over the years, to correct their mistakes when the errors were brought to the attention of County officials; and (c) refused to update the County's warrant system to show that Plaintiff had been exonerated as *not* the warrant's intended subject.

The current complaint is the Third Amended Complaint ("TAC"), filed 1/23/15 (doc. 105). Plaintiff seeks leave to file a Fourth Amended Complaint ("FAC"), see doc. 143-2. The only substantive changes are (a) the FAC drops the TAC's Fifth Cause of Action the *Gonzalez v. Spencer* claim), dismissed per the Court's 3/25/15 Order (doc. 136); and (b) adds as a defendant Barbara L. Fryer, a retired Sheriff's deputy recently sued and served as Doe 1. See doc. 131 (Notice of Pending Lawsuit) and doc. 132 (Proof of Service). Ms. Fryer was the Sheriff's investigator responsible for the decision to use Plaintiff's identifiers in identifying the warrant's true subject. Additionally, in 1995 Ms. Fryer (along with others) was informed that the warrant wrongly identified its intended subject, yet took no corrective actions.

Because defendant counsel declined to stipulate to the filing of the FAC as the Court suggested on March 19, 2015, Plaintiff brings the instant motion.

## II. Leave to Amend Should Be Granted.

Under Federal Rules of Civil Procedure, Rule 15(a), leave to amend the complaint should be granted "freely given when justice so requires." Thus, leave is granted unless the amendment causes prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th

00102940.WPD

Cir. 1989). As the Supreme Court explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

There is no prejudice to defendants. The FAC adds no new causes of action, nor are there any significant changes in the factual allegations. While the FAC adds a new defendant, Barbara L. Fryer, Plaintiff does so well within the time allowed for filing a doe amendment. *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1463-64 (9th Cir. 1988), *vacated and remanded on oth. grds.*, 490 U.S. 1087 (1989), *on remand opn. reinstated*, 886 F.2d 235 (9th Cir. 1989). The FAC comes early in the litigation,[1] in advance of the August 2015 pretrial and trial dates. Defendant Fryer is thus free to raise pretrial

---

[1] For purposes of this motion, the Court should exclude the two years during which this case was stayed pending defendants' appeal, i.e., from October 19, 2012 (doc. 40) (order staying case) to October 20, 2014 (doc. 58) (order vacating stay). Upon doing so, this motion is brought within about 13 months after the complaint was filed (complaint filed December 27, 2011).

00102940.WPD

challenges, be it a Rule 12(b)(6) or Rule 56 motion.

**III.  Conclusion.**

Because the FAC does not prejudice any party, Plaintiff should be granted leave to file his Proposed FAC.

DATED: April 6, 2015

**DONALD W. COOK**
Attorney for Plaintiff

By_____
Donald W. Cook

00102940.WPD

# DECLARATION OF DONALD W. COOK

I, DONALD W. COOK, declare:

1.  I am an attorney licensed practice before this Court and I represent the Plaintiff.

2.  I have drafted a proposed Fourth Amended Complaint. It eliminates the Fifth Cause of Action under *Gonzalez v. Spencer*, dismissed per the Court's 3/25/15 Order. Consequently, the TAC's Sixth Cause of Action (state law claims) is now the FAC's Fifth Cause of Action.

3.  The other substantive changes are inclusion of allegations concerning acts and omissions of newly added defendant Barbara L. Fryer. Those changes are as follows:

   A.  Barbara Fryer is specifically named as a defendant, but only on the Second and Fourth Causes of Action;

   B.  Paragraphs 8, 11, 42(A)-(C), 103 and 106 of the FAC have been added and concern Ms. Fryer;

   C.  Paragraphs 41, 43 & 44, 47, 51, 75, 79, & 80 of the FAC have been amended to make reference to Ms. Fryer.

4.  Paragraph 44 also adds an allegation not found in the TAC that on November 30, 1990, the Sheriff's Department booked the warrant subject Robert Lee Cooks on a non-existent California DMV number.

5.  On March 26, 2015, I forwarded defense counsel a draft of the proposed FAC asking that defendants stipulate to its filing without prejudice to any defense, pleading or substantive. (This was the procedure the Court had suggested at the March 19, 2015 hearing when the matter came up.) By email sent March 31, 2015, defense counsel declined to do so unless "Plaintiff will stipulate that all scheduling dates (including trial and pretrial conference) will be continued to a date mutually agreeable to the parties."

///

00102940.WPD

1      I declare under penalty of perjury that the foregoing is true and correct. Executed

2 April 6, 2015, at Los Angeles, California.

3

4                       _____

5                          Donald W. Cook

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00102940.WPD